PEOPLE *ex rel.* SULLIVAN *v.* ROBB *et al.*

(*Supreme Court, General Term, First Department.*   October 16, 1891.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICE OFFICERS—INDECENT EXPOSURE.

Under Laws N. Y. 1887, c. 262, which provides that the board of commissioners of public parks shall have power to remove officers from the police force of the park department for immoral or unbecoming conduct, the board may remove an officer who, while on duty in a park, indecently and willfully exposes his person in the presence of female visitors.

*Certiorari* at the relation of Jeremiah Sullivan against J. Hampden Robb and others, commissioners composing the board of parks of the city of New York, to review their action in dismissing relator from the police force of the park department for willfully and indecently exposing his person in the presence of female visitors to the park.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Purdy & McLaughlin,* for relator.   *William H. Clark,* Corp. Counsel, (*Edward H. Hawke, Jr.,* and *Charles A. O'Neil,* of counsel,) for respondents.

VAN BRUNT, P. J.    The relator was charged with indecent exposure while on duty.    It is urged upon the part of the relator—*First,* that there is not sufficient evidence to justify his conviction; and, *secondly,* that there is nothing in the return to show that there is any rule in the department covering this case, and, if there is no such rule, the board has unlawfully and improperly exercised the authority conferred upon it.    In respect to the last objection, the commissioners of public parks have undoubtedly the right to remove for the offense charged, because by chapter 262 of the Laws of 1887 the board is given power to remove for any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer, etc.    It would be rather an anomaly in the enforcement of discipline in a force such as the police force that every possible act must necessarily be expressly covered by the rules.    Where the statute authorizes a removal for cause, unless the power is especially restricted, any cause detrimental to the service would be sufficient.    But, in respect to the board of park commissioners, they are given by the statute, as already seen, express power to punish by dismissal in a case like the present.    A reading of the evidence in this case does not satisfy the court that the finding of the commissioners is so greatly against the weight of evidence as to justify the court in setting it aside.    The most that can be said in favor of the relator is that it is a doubtful case, although there are many features in it tending to establish the verity of the charge.    By placing the hour a little in advance of the time fixed by the witnesses in support of the charge, the whole of the testimony may be harmonized; and, if this evidence was before a jury for consideration, they might, in estimating the effect of the evidence, bear this fact in mind; and, in fact, it would be their duty so to do.    In the face of the positive testimony offered in support of the charge, if the case had been before a jury for determination, the court could not have dismissed the complaint; and as the commissioners in weighing the evidence occupy the position of jurors, and their conclusion is to have the same weight, there seems to be no ground for interference with it, although a strong case may be made out upon the part of the defense.    We see no ground for interfering with the conclusion of the commissioners, and the proceedings must be affirmed, with costs.    All concur.